UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JASON R. CRAIG,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY CORRECTIONAL CARE, et al.,<br><br>Defendants. | CAUSE NO. 2:23-CV-438-HAB-JEM |

OPINION AND ORDER

Jason R. Craig, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Craig is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Craig is a pretrial detainee at the Porter County Jail. He claims that when he arrived at the jail in early November 2023, he was taking a number of medications for

sciatica and mental health problems, including major depression and schizoaffective disorder. He claims that jail medical staff discontinued all of his medications and put him on a new medication, Effexor. He claims to have suffered seizures, cold sweats, diarrhea, and other symptoms because of the abrupt change in his medications, and further claims that Effexor has not been effective in managing his mental health problems. He claims he has not been given any medication to address his sciatica. Based on these events, he sues "Dr. Doe," "Dr. Doe #2," "Nurse Trish," and their employer Quality Correctional Care for monetary damages and injunctive relief.

Because Mr. Craig is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v.*

*Dart*, 974 F.3d 810, 819 (7th Cir. 2020). It is not enough for the plaintiff to allege "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Mr. Craig the inferences to which he is entitled at this stage, he has alleged a serious medical need with respect to his mental health problems and sciatica. As to Dr. Doe, he claims this doctor reviewed his medications upon his arrival and discontinued them, causing him to suffer severe adverse symptoms. He further claims this doctor has not prescribed medication to adequately address his mental health symptoms and sciatica. He has stated a plausible Fourteenth Amendment claim against this unnamed doctor. It is permissible to sue a "placeholder defendant" in federal court, but as a practical matter an unnamed defendant cannot be served with process. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). This defendant must be identified and served within the two-year statute of limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *Id.* The court has an obligation to assist him in identifying and serving this defendant and will do so as set forth below. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990).

The complaint further alleges that he has an ongoing need for medical treatment for mental health problems and sciatica. The Warden is an appropriate party to ensure inmates in his custody receive constitutionally adequate care for serious medical needs. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Warden will be added as a defendant, and Mr. Craig will be permitted to proceed on a claim against the Warden in his official capacity for

3

injunctive relief to obtain constitutionally adequate medical care for these conditions.[1] The Warden will also be directed to provide information about the doctor who made the treatment decisions regarding Mr. Craig's care so that this defendant can be identified and served.

Mr. Craig also sues "Dr. Doe #2" but does not include factual content about this individual in the narrative section of the complaint. In his separate motion for a preliminary injunction, he provides some additional information about this defendant, stating "there may not be two doctors, they still won't say his/her name(s)." (ECF 2 at 3.) He cannot amend his complaint by including allegations in a separately filed motion. *See* N.D. IND. L.R. 15-1. Even if he followed the proper procedures to include this allegation in his complaint, the court cannot plausibly infer from this brief statement that another doctor committed a volitional act with respect to his medical care that violated his constitutional rights.[2] This defendant will be dismissed.

He also sues "Nurse Trish," but again includes no factual content about her in the narrative section of the complaint. He provides some additional details about her in his motion for a preliminary injunction (ECF 2 at 3), but as stated above, this is procedurally improper. Even though he is proceeding without counsel, he is expected to comply with applicable procedural rules. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir.

---

[1] Mr. Craig states that he is suing five defendants, but he only names four. It appears from some of his allegations that he may have intended to sue the Warden but inadvertently omitted him from the list.

[2] If at a later stage it comes to light that there is another doctor involved in his care, he is free to amend his complaint to add additional allegations outlining a claim against a second doctor.

2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]"). Assuming he followed proper procedures, his claim against Nurse Trish appears to be based on his view that she should have done more to help him when the doctor changed his medications. (ECF 2 at 3.) However, there is insufficient factual content from which the court could plausibly infer that Nurse Trish had the authority to prescribe medication or to override the doctor's treatment decisions. *See Brown v. Osmundson*, 38 F.4th 545, 553 (7th Cir. 2022) (no liability for prison nurse who "wrote down [the plaintiff's] symptoms, checked his vitals, relayed necessary information to [the doctor], and performed her assigned duties."); *Reck v. Wexford Health Sources*, Inc., 27 F.4th 473, 485 (7th Cir. 2022) ("As a general matter, a nurse can, and indeed must, defer to a treating physician's instructions."). It can also be discerned from information in his motion for a preliminary injunction that when Nurse Trish saw him at "sick call," she gave him over-the-counter medications to try to address some of the adverse symptoms he was experiencing. (ECF 2 at 4.) She will be dismissed as a defendant.

He also sues Quality Correctional Care, the private company that employs medical staff at the jail. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, however, and this company cannot be held liable for a constitutional violation solely because it employs the medical professionals who treated him. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it cannot be held liable for the actions of its employees "unless those acts were carried out pursuant to an official custom or policy." *Grieveson*

5

*v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. Craig does not identify an official policy that caused him injury, nor does he allege facts permitting a reasonable inference that Quality Care has an official custom that violates the Fourteenth Amendment. Instead, he describes wrongdoing by the doctor who provided his care. Isolated incidents of wrongdoing by a few employees cannot support a *Monell* claim. *Howell*, 987 F.3d at 654; *Miranda*, 900 F.3d at 353-54. This corporate defendant will be dismissed.

As indicated above, Mr. Craig separately moves for a preliminary injunction asking to be provided with additional medications to address his symptoms while this lawsuit is pending. (ECF 2.) "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

6

that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions" requiring the defendant to take affirmative acts are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682

7

F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted). In light of these limitations, the court will order the Warden to respond to Mr. Craig's motion before taking further action.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Doe in his individual capacity for violating his rights under the Fourteenth Amendment by abruptly discontinuing his medication and denying him adequate medication to address mental health problems and sciatica;

(2) DIRECTS the clerk to add the Warden of the Porter County Jail as a defendant;

(3) GRANTS the plaintiff leave to proceed against Warden of the Porter County Jail in his official capacity to obtain adequate medical care for mental health problems and sciatica as required by the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Dr. Doe #2, Nurse Trish, and Quality Correctional Care as defendants;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of the Porter County Jail by email to the Porter County Sheriff's Department with a copy of this order, the complaint (ECF 1), and the motion for a preliminary injunction (ECF 2) pursuant to 28 U.S.C. § 1915(d);

8

(7) DIRECTS the clerk to fax or email a copy of the same documents to the Warden at the Porter County Jail;

(8) ORDERS the Porter County Sheriff's Department to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(9) ORDERS the Warden to file and serve a response to the plaintiff's motion for a preliminary injunction (ECF 2) no later than **January 19, 2024**, with supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's medical needs and the treatment, if any, he is currently receiving;

(10) ORDERS the Warden to provide on or before **February 12, 2024**, the name of Dr. Doe, who discontinued the plaintiff's medications when he arrived at the jail and prescribed him Effexor, or to file a notice by that date explaining why the name of this doctor cannot be provided; and

(11) ORDERS the Warden to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 12, 2023

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT

9